UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK RAMIREZ,<br><br>    Petitioner,<br><br>v.<br><br>DEAN BORDERS, Warden,<br><br>    Respondent. | Case No. 18-cv-06128-HSG (PR)<br><br>**ORDER OF DISMISSAL** |

Petitioner, a state prisoner, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. For the reasons stated below, the petition is DISMISSED.

**DISCUSSION**

**A.  Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.  Background**

In 1996, a Santa Clara County jury convicted petitioner of possession of methamphetamine for sale while armed with a firearm and possession of a gun by a convicted felon. *See* Cal. Health & Safety Code § 11378; Cal. Penal Code §§ 12022(c), 12021(a). He was also found to have suffered two prior serious felony convictions and to have served four prior prison terms. *See* Cal.

Penal Code §§ 667, 667.5. Petitioner was sentenced to 29 years to life in state prison. His conviction was affirmed by the California Court of Appeal in 1997, and his petition for review was denied by the California Supreme Court in 1998. He also filed unsuccessful habeas petitions in state court. The instant petition was filed on October 5, 2018.

**C.     Petitioner's Claims**

Petitioner claims that he is entitled to resentencing pursuant to California's Proposition 47, *see* Cal. Penal Code § 1170.18, which was a referendum passed by California voters in November 2014. This law provides, "A person who, on November 5, 2014, was serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . ." Petitioner claims that his sentence is now illegal under Proposition 47.

Petitioner filed a previous federal habeas petition, challenging the same conviction and sentence, which this court denied on the merits on May 13, 2002. *See Ramirez v. Small*, No. 99-3250 MHP (N.D. Cal. filed July 6, 1999). The Ninth Circuit Court of Appeals denied a certificate of appealability on December 18, 2003.

On April 19, 2018, petitioner filed a habeas petition asserting claims identical to those in the instant petition. *See Ramirez v. Borders*, No. 18-2358 HSG (PR). On June 5, 2018, that action was dismissed as successive and for failure to state cognizable claim for relief.

The Court finds the present petition is a third or successive petition attacking the same conviction and sentence as petitioner's prior federal habeas petitions. A successive petition may not be filed in this court unless petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has not sought or obtained such an order from the United States Court of Appeals for the Ninth Circuit. Even if petitioner has new claims, he must still obtain the necessary authorization under Section 2244(b) from the United States Court of Appeals before he may proceed. Accordingly, this petition must be dismissed as successive.

**CONCLUSION**

For the foregoing reasons, the instant petition is DISMISSED without prejudice to refiling if petitioner obtains the necessary order from the Ninth Circuit. The Clerk shall send petitioner an "Application For Leave To File Second Or Successive Petition" in the Ninth Circuit.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Dated: 10/24/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge